**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

**JASON SCHEXSNAYDER, Individually and For Others Similarly Situated,**

**v.**

**BLUEWATER ENERGY, INC.**

**Case No. ________________**

**November 13, 2019**

## ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1. Bluewater Energy, Inc. (Bluewater) failed to pay Jason Schexsnayder and other workers like him, overtime as required by the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"); and the overtime wage payment provisions of Connecticut state law, Conn.Gen.Stat. §31-68, §31-72, §31-76c, *et seq.* ("Connecticut Wage and Hour Laws").

2. Instead, Bluewater pays Schexsnayder, and other workers like him, the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

3. Schexsnayder brings this class and collective action to recover unpaid overtime and other damages.

### JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. The Court has federal jurisdiction over this action pursuant to the jurisdictional provisions of the Class Action Fairness Act, 28 U.S.C. § 1332(d).

6. The Court also has supplemental jurisdiction over any state law sub-class pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 a significant portion of the facts giving rise to this lawsuit occurred in this District, specifically Schexsnayder worked for Bluewater in New Haven County Connecticut.

## THE PARTIES

8. Schexsnayder was an employee of Bluewater. His written consent is attached as Exhibit A.

9. Bluewater is a corporation organized and existing under the laws of the state of Georgia with headquarters in Acworth, Georgia.

10.

## COVERAGE UNDER THE FLSA

11. At all times hereinafter mentioned, Bluewater was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Bluewater was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all relevant times, Bluewater was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Bluewater is a construction firm providing construction services throughout the country.

14. At all relevant times, Bluewater had an annual gross volume of sales made in excess of $1,000,000.00.

15. At all times hereinafter mentioned, Schexsnayder and the Putative Class Members (as defined below) were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

16. Bluewater is "a professional and dependable technical services company to support the growing needs in the power, industrial, and oil/gas marketplace."[1]

17. Schexsnayder was an hourly employee of Bluewater.

18. Schexsnayder was hired in late 2016 and left Bluewater's employment in early 2018.

19. Schexsnayder was an Electrical Project Manager for Bluewater.

20. Bluewater paid Schexsnayder by the hour.

21. Bluewater paid Schexsnayder $110 per hour.

| **Pay Rate:** | Straight time: | $110.00 USD per hour | **Note:** You will be paid at the straight time rate for all hours worked. |
|---|---|---|---|

22. Schexsnayder reported the hours he works to Bluewater on a regular basis.

23. If Schexsnayder worked fewer than 40 hours in a week, he is only paid only for the hours he worked.

24. Schexsnayder regularly worked more than 40 hours in a week.

25. The hours Schexsnayder worked are reflected in Bluewater's records.

26. Bluewater paid Schexsnayder at the same hourly rate for all hours worked, including those in excess of 40 in a workweek.

27. Rather than receiving time and half as required by the FLSA, Schexsnayder only received "straight time" pay for overtime hours worked.

28. This "straight time for overtime" payment scheme violates the FLSA and Connecticut Wage and Hour Laws.

---

[1] http://bluewaterenergyinc.com/about-us/ (Last visited November 4, 2019)

29. Bluewater was aware of the overtime requirements of the FLSA and Connecticut Wage and Hour Laws.

30. Bluewater nonetheless failed to pay certain employees, such as Schexsnayder, overtime.

31. Bluewater's failure to pay overtime to these workers was, and is, a willful violation of the FLSA and Connecticut Wage and Hour Laws.

## FLSA VIOLATIONS

32. By failing to pay Schexsnayder and the Putative Class Members overtime at one-and-one-half times their regular rates, Bluewater violated the FLSA's overtime provisions.

33. Bluewater owes Schexsnayder and the Putative Class Members the difference between the rate paid to them and the proper overtime rate.

34. Because Bluewater knew, or showed reckless disregard for whether its pay practices violated the FLSA, Bluewater owes these wages for at least the past three years.

35. Bluewater is liable to Schexsnayder and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

36. Schexsnayder and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## CONNECTICUT WAGE & HOUR LAW VIOLATIONS

37. Plaintiff brings this claim under the Connecticut Wage and Hour Laws as a Rule 23 class action.

38. The conduct alleged violates the Connecticut Wage and Hour Laws (Conn.Gen.Stat. §31-58, *et seq.*).

39. At all relevant times, Defendant was subject to the requirements of the Connecticut Wage and Hour Laws.

40. At all relevant times, Defendant employed Plaintiffs and each Class Member with Connecticut state law claims as an "employee" within the meaning of the Connecticut Wage and Hour Laws.

41. The Connecticut Wage and Hour Laws require that employees receive overtime compensation "of at least one and one-half times" (1.5) the employee's regular rate of pay for all hours worked over forty (40) in one workweek for the past two years. *See* Conn.Gen.Stat. §31-76c.

42. Due to Bluewater's violations of the Connecticut Wage and Hour Laws, Plaintiff and the Connecticut Class are entitled to recover from Defendant its unpaid overtime wages, penalty damages, interest and reasonable attorneys' fees and costs pursuant to Conn.Gen.Stat. §31-68, §37-3a.

43. As an employee for Defendant, Plaintiff and the Connecticut Class worked in excess of the maximum weekly hours permitted under Conn.Gen.Stat. §31-76c, *et seq.*, but were not paid overtime wages for this time spent working.

**CLASS & COLLECTIVE ACTION ALLEGATIONS**

44. Bluewater's illegal "straight time for overtime" policy extends beyond Schexsnayder.

45. It is the "straight time for overtime" payment plan that is the "policy that is alleged to violate the FLSA" in this FLSA collective action. *Bursell v. Tommy's Seafood Steakhouse*, No. CIV. A. H-06-0386, 2006 WL 3227334, at *3 (S.D. Tex. Nov. 3, 2006); *Wellman v. Grand Isle Shipyard, Inc.*, No. CIV. A. 14-831, 2014 WL 5810529, at *5 (E.D. La. Nov. 7, 2014) (certifying "straight time for overtime" claim for collective treatment).

46. Bluewater has paid and pays hundreds of workers using the same unlawful scheme.

47. Any differences in job duties do not detract from the fact that these workers are entitled to overtime pay.

48. The workers impacted by Bluewater's "straight time for overtime" scheme should be notified of this action and given the chance to join pursuant to 29 U.S.C. § 216(b). Therefore, the class is properly defined as:

> **All current and former employees of Bluewater who were, at any point in the past 3 years, paid "straight time for overtime."** (the "Putative Class Members").

49. In addition to the FLSA Class, Schexsnayder seeks to represent the following Class under the Connecticut Wage and Hour Laws:

> **All current and former employees of Bluewater during the past two years who were paid "straight time for overtime" while working in Connecticut.**

This Class Schexsnayder represents will be referred to as the "Connecticut Class."

50. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and the Connecticut Wage and Hour Laws.

51. Numerous other individuals who worked with Plaintiff indicated they were improperly classified as exempt, paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

52. Based on his experiences and tenure with Bluewater, Plaintiff is aware that Bluewater's illegal practices were imposed on the members of the class.

53. Bluewater paid "straight time for overtime" across the United States.

54. The members of the class were all improperly not afforded overtime compensation when they worked in excess of forty 40 hours per week.

55. Bluewater's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies and practices which are not dependent on the personal circumstances of the members of the class.

56. Plaintiff's experiences are therefore typical of the experiences of the members of the class.

57. The specific job titles or precise job locations of the various members of the class do not prevent class or collective treatment.

58. Plaintiff has no interests contrary to, or in conflict with, the members of the class. Like each member of the class, Plaintiff has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

59. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

60. Absent this action, many members of the class likely will not obtain redress of their injuries and Bluewater will reap the unjust benefits of violating the FLSA and the Connecticut Wage and Hour Laws.

61. Furthermore, even if some of the members of the class could afford individual litigation against Bluewater, it would be unduly burdensome to the judicial system.

62. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

63. The questions of law and fact common to each of the members of the class predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

(a) Whether Bluewater employed the members of the class within the meaning of the FLSA and the Connecticut Wage and Hour Laws;

(b) Whether Bluewater's decision to classify the members of the class as exempt was made in good faith;

(c) Whether Bluewater's decision to not pay time and a half for overtime to the members of the class was made in good faith;

(d) Whether Bluewater's violations of the FLSA and the Connecticut Wage and Hour Laws were willful; and

(e) Whether Bluewater's illegal pay practices were applied uniformly across the nation to all members of the class.

64. Plaintiff's claims are typical of the claims of the members of the class. Plaintiffs and the members of the class sustained damages arising out of Bluewater's illegal and uniform employment policy.

65. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude their ability to go forward as a collective action.

66. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for judgment against Bluewater as follows:

(a) For an order allowing this action to proceed as a FLSA collective action and directing notice to the class;

(b) For an order pursuant to section 16(b) of the FLSA finding Bluewater liable for unpaid back wages, and an equal amount of liquidated damages, due to Plaintiffs and the class members;

(c) For an order designating the Connecticut state law class as a class action pursuant to FED. R. CIV. P. 23;

(d) For an order awarding Plaintiff and the class members the costs of this action;

(e) For an order awarding Plaintiff and the class members their attorneys' fees;

(f) For an order awarding Plaintiff and the class members unpaid wages, liquidated damages and penalty damages in connection with the FLSA and Connecticut Minimum Wage Act violations;

(g) For an order awarding Plaintiff and the class members pre- and post-judgment interest at the highest rates allowed by law (C.G.S. Sec. 37-3a); and

(h) For an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted, **JASON SCHEXSNAYDER, Individually and For Others Similarly Situated,**

By: ______________________________

Richard E. Hayber
Fed Bar No.: ct11629
Hayber, McKenna & Dinsmore, LLC
750 Main Street, Suite 904
Hartford, CT 06106
(860) 522-8888
(860) 218-9555 facsimile
rhayber@hayberlawfirm.com
Attorney for the Plaintiffs

By: */s/ Michael A. Josephson*

**Michael A. Josephson**
State Bar No. 24014780
mjosephson@mybackwages.com
**Andrew Dunlap**
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

**AND**

**Richard J. (Rex) Burch**
State Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

*Pro hac* admissions anticipated